IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERNANDO CHACON,

       Plaintiff,

vs.   No. Civ 09-0760 MCA/WDL

CITY OF SUNLAND PARK,
NEW MEXICO, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant Jesus Hernandez's *Motion for Summary Judgment Based on Qualified Immunity*. [Doc. 33] The Court has considered the submissions of the parties and the relevant law, and is otherwise fully informed. For the reasons set out below, the Court **denies** Defendant Hernandez's Motion.

## BACKGROUND

This is a civil rights lawsuit brought by Plaintiff, Fernando Chacon. Chacon asserts jurisdiction pursuant to 28 U.S.C. § 1331. In addition to a federal civil rights claim brought pursuant to 42 U.S.C. § 1983, [Doc. 1 at 6] Chacon brings pendant state law claims for false arrest and malicious prosecution. [Doc. 1 at 7] Chacon and Hernandez have stipulated that at all relevant times Hernandez was a police officer for the City of Sunland Park and that Hernandez arrested Chacon for disorderly conduct and failure to identify himself. [Doc. 26 at 2-3] Subsequently, Chacon was charged in Sunland Park Municipal Court with disorderly conduct and interference with officer. [Doc. 34-2 at 4] The municipal court convicted Chacon of disorderly conduct and found him not guilty of interference with officer. [Doc. 34-2 at 4] Chacon

appealed his conviction to the state district court, which dismissed the disorderly conduct charge, stating that the prosecution had not presented evidence sufficient to prove disorderly conduct beyond a reasonable doubt. [Doc. 34-3]

**SUMMARY JUDGMENT STANDARDS AS APPLIED TO QUALIFIED IMMUNITY**

Fed. R. Civ. P. 56(b) provides that "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Rule 56(c)(2) provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Only those affidavits that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated" will be considered by the Court in support of or in opposition to a motion for summary judgment. Rule 56(e).

The Tenth Circuit Court of Appeals has adopted special summary judgment standards tailored to those cases in which a defendant government official raises the defense of qualified immunity:

> The defense of qualified immunity is designed not only to shield public officials from liability, but also to ensure that erroneous suits do not even go to trial. To this end special rules apply when a public official raises a defense of qualified immunity on summary judgment. In such a case, the plaintiff must initially make a twofold showing. First, the plaintiff must show "that the [public official's] alleged conduct violated the law." Second, the plaintiff must show "that the law was clearly established when the alleged violation occurred." If the plaintiff makes the required twofold showing, the public official then bears the usual summary judgment movant's burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Specifically, the public official must show that no material issues of fact remain as to whether his or her actions were "objectively reasonable in light of the law and the information he or she possessed at the time." In determining whether

>both parties have satisfied their burdens, the court must evaluate the evidence in the light most favorable to the non-moving party.
>
>The initial twofold burden imposed on the plaintiff requires a court reviewing a qualified immunity claim to analyze the state of the law at two different times. . . . [T]he court must analyze the law at the time of trial to determine whether the plaintiff has alleged a violation of existing law as required by the first prong of the plaintiff's summary judgment burden. . . .[P]ursuant to the second prong, the court must analyze the law at the time of the alleged conduct in order to determine whether the plaintiff has established that the defendant's conduct, when perpetrated, violated clearly established law. Generally, these two inquiries will focus on the same legal standard, albeit a standard which may have been refined over the passage of time between the conduct and the trial.

*Hinton v. City of Elwood, Kansas*, 997 F.2d 774, 779-80 (10th Cir. 1993) (citations omitted). A court reviewing a qualified immunity claim may consider the two prongs of the qualified immunity analysis in the order that the court in its sound discretion deems most appropriate. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

## ANALYSIS

In the present case, Hernandez has raised the defense of qualified immunity by a motion for summary judgment. There is no dispute that Hernandez was acting in his capacity as a police officer for the City of Sunland Park at the time he arrested Chacon. This showing is sufficient to establish a prima facie case of Hernandez's entitlement to qualified immunity and to trigger Chacon's obligation to make the twofold showing described in *Hinton*. "The assertion of qualified immunity raises a rebuttable presumption. . . ." and "[a] rebuttable presumption necessarily shifts the burden from the party favored by the presumption to the party rebutting it." *Medina v. Cram*, 252 F.3d 1124, 1129-30 (10th Cir. 2001).

There is no dispute that Hernandez arrested Chacon without an arrest warrant. "A warrantless arrest violates the Fourth Amendment unless it was supported by probable cause. Probable cause exists if facts and circumstances within the arresting officer's knowledge and of

3

which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008).

>Hernandez contends that the following events led to Chacon's arrest:
>
>Plaintiff was extremely intoxicated while on the premises of Defendant Sunland Park Racetrack and Casino. When the Plaintiff's friends were asked to leave, Plaintiff became disorderly and attempted to obstruct the escorting of Plaintiff's friends off the premises. After spending at least five minutes with the Plaintiff and requesting that he calm down and cease creating a disturbance, the Plaintiff was informed that he too would have to leave the premises, which he refused to do. After being placed under arrest for disorderly conduct, the Plaintiff refused to identify himself, and was taken to the Sunland Park Police Department for processing.

[Doc. 27 at 1] As previously noted, Chacon was subsequently charged with interference with officer. Therefore, the record refers to three offenses: disorderly conduct and refusal to identify, which appear to be the offenses that Hernandez actually considered at the time of arrest; and interference with an officer, with which Chacon was charged following his arrest. In determining whether probable cause was present, a court may consider offenses other than the offenses subjectively relied upon by the arresting officer. *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir. 2006) (discussing *Devenpeck v. Alford*, 543 U.S. 146 (2004)).

"When [a court] address[es] the issue of qualified immunity in the summary judgment context, the plaintiff must present some evidence to support the allegations [that his constitutional rights were violated]; mere allegations, without more, are insufficient to avoid summary judgment." *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997). In response to Hernandez's Motion, Chacon submitted four documents: (1) a copy of his notice of appeal from his conviction of disorderly conduct in municipal court; (2) a copy of his resume; (3) the affidavit of Nirma F. Bustamante; and (4) the affidavit of Mike Gonzales. The Court must

decide whether these documents contain admissible evidence demonstrating that Hernandez violated Chacon's constitutional rights by arresting him.

With respect to the notice of appeal, the Court finds that the facts that Chacon perfected and appeal from his municipal court conviction and was acquitted by the district court do not demonstrate an absence of probable cause: "it is irrelevant to the probable cause analysis . . . whether a person is later acquitted of the crime for which she or he was arrested." *Kilgore*, 158 Fed. Appx. at 948 (internal quotation marks omitted; quoting *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005)).

With respect to the resume, Chacon asserts that it "establishes his participation in civic affairs in positions that cast him in good public light." [Doc. 35-3] It is not clear to the Court how this evidence tends to rebut the objective reasonableness of Hernandez's perception that Chacon engaged in disorderly conduct. It may be that Chacon is attempting to invoke the rule that "[w]here a person has an unblemished character, it requires more evidence to create a reasonable belief of guilt than where the accused has a bad character." *Delgado v. Rivera*, 40 N.M. 217, 230 (1936). Assuming, *arguendo*, that this common-law rule has been incorporated into Fourth Amendment analysis of probable cause, the rule applies to the "*known* good character of the accused." *Id.*(emphasis added). Here, there is no evidence that Hernandez knew of the activities set out in Chacon's resume that cast Chacon in good public light. Thus, evidence of the factual predicate for application of the rule--Hernandez's knowledge of Chacon's good character--is absent. *Melanowski v. Judy*, 131 N.E. 360 (Ohio 1921). Furthermore, Hernandez argues that Chacon's resume is hearsay and should be stricken. The Court agrees. *Wagoner v. Medco Health Solutions, Inc.*, Civ. Action No. 06-5167 (JLL) 2009 WL 749572 *5 (D. N.J. Mar. 18, 2009); s*ee also* Fed. R. Civ. P. 56(e)(1). For the foregoing

5

reasons, the Court will not consider the Chacon's resume.

As to the Affidavits of Bustamante and Gonzales, the Court finds that these affidavits are sufficient to create a genuine issue of fact as to whether Hernandez had probable cause to believe that Chacon had committed disorderly conduct or interference with an officer[1] as Bustamante and Gonzales were being removed from the Casino. To the extent the these affidavits recount events Bustamante and Gonzales observed prior to and during their removal from the Casino, they are in the proper form and may be considered by the Court in opposition to Hernandez's motion. Fed. R. Civ. P. 56(e) ("[An] opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."). Bustamante states in her affidavit that she and Gonzales were escorted from the Casino "without incident" and that Chacon was on the dance floor dancing with his wife as she and Gonzales were escorted out of the Casino. [Doc. 35-4 at 9] Gonzales states in his affidavit that Chacon did not obstruct their removal from the Casino because he was on the dance floor with his wife. [Doc. 35-4 at 11] Testimony that Bustamante and Gonzales were removed "without incident" and that Chacon was on the dance floor dancing with his wife as Bustamante and Gonzales were removed from the Casino, [Doc. 35-4 at 9, 10] contradicts Hernandez's contention that "[w]hen the Plaintiff's friends were asked to leave, Plaintiff became disorderly and attempted to obstruct the escorting of Plaintiff's friends off the

---

[1] The parties have not provided the Court with copies of the City of Sunland Park's municipal ordinances defining the offenses of disorderly conduct and interference with officer, *cf.* NMSA 1978, §§ 30-20-1, 30-22-1(D), and as far as the Court has been able to determine, these ordinances are not readily available on the internet. Because Bustamante and Gonzales' testimony places Chacon on the dance floor with his wife at the time that Hernandez claims Chacon was obstructing efforts to remove Bustamante and Gonzales from the Casino, a close examination of the elements of the offenses of disorderly conduct and interference with officer is unnecessary.

premises." A reasonable jury could believe Bustamante and Gonzales' testimony that Chacon was dancing with his wife as Bustamante and Gonzales were being removed and disbelieve Hernandez's version of events. *See Keylon*, 535 F.3d at 1215 (10th Cir. 2008) (observing that probable cause is usually a question for the jury). Under Bustamante and Gonzales' version of events, Hernandez could not have entertained an objectively reasonable belief that Chacon, who according to Bustamante and Gonzales was dancing with his wife at the time, "became disorderly and attempted to obstruct the escorting of [Bustamante and Gonzales] off the premises."

Bustamante and Gonzales's testimony also satisfies Chacon's burden of production with respect to the offense of refusing to identify himself. The Fourth Amendment prevents an officer from detaining a person and requiring identification unless the detaining officer has a reasonable suspicion that the suspect was engaged in or had engaged in criminal conduct. *Brown v. Texas*, 443 U.S. 47 (1979). "[T]o arrest for concealing identity, there must be reasonable suspicion of some predicate, underlying crime." *Keylon*, 535 F.3d at 1216 (construing NMSA 1978, § 30-2-3). Reasonable suspicion is, of course, "a lesser standard than probable cause," requiring only "a particularized and objective basis for suspecting an individual may be involved in criminal activity." *United States v. Albert*, 579 F.3d 1188, 1197 (10th Cir. 2009) (internal quotation marks omitted). If Bustamante and Gonzales' statements are believed, Hernandez could not have entertained a reasonable suspicion that Chacon, who according to Bustamante and Gonzales was dancing with his wife as Bustamante and Gonzales were being removed from the Casino, had committed the predicate offenses of disorderly conduct or interference with an officer. Absent a reasonable suspicion that Chacon had committed a predicate offense, Hernandez had no legal right to require Chacon to identify himself. "In *Brown*, the Supreme

Court made it clear the Fourth Amendment does not permit officers to arrest an individual simply because he or she refuses to present identification when the officers have no basis whatsoever to suspect the individual of criminal conduct to support the initial detention. This is the case even when a state statute might seem to furnish the authority to do so." *Oliver v. Woods*, 209 F.3d 1179, 1190 (10th Cir. 2000).

The Court concludes that Chacon has met his burden of production with respect to the first prong of the qualified immunity analysis. The affidavits of Bustamante and Gonzales contain statements that viewed in the light most favorable to Chacon create genuine issues of material fact as to whether Hernandez violated the Fourth Amendment by arresting Chacon.

Turning to the second prong, the Court notes that "for a right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008) (internal quotation omitted). The Court finds that at the time of Chacon's arrest, it was clearly established law in the Tenth Circuit that a warrantless arrest without probable cause violates the arrestee's Fourth Amendment rights. *Fogarty*, 523 F.3d at 1156; *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). In view of the state of the law at the time, and viewing the evidence in the light most favorable to Chacon, no law enforcement officer in Hernandez's position could have objectively and reasonably believed that he could lawfully arrest Chacon for disorderly conduct or interference with an officer. The Court further finds that at the time of Chacon's arrest, it was clearly established law in the Tenth Circuit that an arrest for refusal to produce identification violates the Fourth Amendment in the absence of a reasonable suspicion that the arrestee was committing or had committed a crime. *Oliver*, *supra*. In view of the state of the law at the time,

and viewing the evidence in the light most favorable to Chacon, no law enforcement officer in Hernandez's position could have objectively and reasonably believed that he could lawfully arrest Chacon for refusing to identify himself.

Because Chacon's evidence was sufficient to meet his burden of production, Hernandez assumed "the usual summary judgment movant's burden of showing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law." *Hinton*, 997 F.2d at 779. Hernandez's evidence consists of (1) a copy of Chacon's notice of appeal from his municipal court conviction for disorderly conduct, (2) a copy of the municipal court judgment and sentence finding Chacon guilty of disorderly conduct and not guilty of interference with officers, and (3) a copy of the state district court order dismissing the charge of disorderly conduct with prejudice. Although Hernandez's argument is not entirely clear, Hernandez appears to be arguing that the municipal court judge necessarily found probable cause that Chacon had committed disorderly conduct since she did not dismiss the charge before trial, see NMRA 8-202(C) and that this determination was not expressly overturned by the district court when, upon trial de novo, it dismissed the disorderly conduct charge for insufficient evidence to establish guilt beyond a reasonable doubt.

"Under proper circumstances, federal courts accord preclusive effect to issues decided by state Courts." *Dixon v. Richer*, 922 F.2d 1456, 1459 (10th Cir. 1991) (internal quotation marks omitted). The preclusive effect a federal court must give to a prior state judicial proceeding is determined by the law of the State in which the proceeding was held. 28 U.S.C. § 1738; *see also Nichols v. Bd. of County Comm'rs of La Plata County*, 506 F.3d 962, 967 (10th Cir. 2007). The Court therefore will examine New Mexico law to determine the preclusive effect that New Mexico courts would give to the municipal court conviction.

In *Vincioni v. Phelps Dodge Co.*, 35 N.M. 81 (1930), the New Mexico Supreme Court considered the preclusive effect of a criminal conviction reversed on appeal in the context of a subsequent civil action for malicious prosecution. In *Vincioni*, the malicious prosecution plaintiff had been convicted of trespassing upon posted mining land operated by the malicious prosecution defendant. Plaintiff's conviction was reversed on appeal to the Supreme Court based upon the Supreme Court's construction of a lease in the plaintiff's favor, by which construction the plaintiff was held to be an invitee of a lessee, not a trespasser. *Id.* at 83. The Supreme Court endorsed the rule that "a conviction, though reversed, is at least prima facie evidence of probable cause. Unless there is some evidence to overcome the presumption, the judgment must stand." *Id.* at 82-83 (citation omitted). The Supreme Court concluded that although it had rejected the prosecution's construction of the lease in deciding the criminal appeal favorably to the plaintiff, the erroneous construction of the lease upon which the prosecution had been based was not so unreasonable as to "negative probable cause." The Supreme Court applied similar reasoning to the plaintiff's alternative argument that the prosecution had improperly relied upon a mistaken construction of the posting statute. *Id.* The Court reads *Vincioni* as establishing: (1) a conviction gives rise to a presumption of probable cause; (2) the presumption is rebuttable; and (3) the presumption is not overcome by reversal of the conviction on appeal if the complainant in bringing the underlying charge relied upon a reasonable, but mistaken, understanding of the legal effect of a lease, or upon a reasonable, but mistaken, interpretation of a statute defining a criminal offense.

In *Delgado*, *supra*, the plaintiff had been arrested, bound over for trial following a preliminary hearing, tried, and acquitted. Thereafter he brought a malicious prosecution action against the defendant, who had executed and filed the criminal complaint that initiated the

plaintiff's prosecution.  At trial, the court precluded the plaintiff from offering the testimony of eye witnesses to show that the facts alleged in the criminal complaint were untrue and known by the malicious prosecution defendant to be untrue when he executed the criminal complaint. Having excluded the plaintiff's evidence, the trial court directed a verdict for the defendant.  On appeal, the New Mexico Supreme Court reversed, stating "[w]e think it plain that the plaintiff had the right to introduce evidence of the general character he was seeking to introduce to show that the defendant did not have probable cause for instituting the criminal prosecution. It is to be noted in this connection that in support of the allegation of want of probable cause that the plaintiff had the right to show that the defendant did not believe and that there were no sufficient facts known to defendant upon which to base the criminal charge filed by him." 40 N.M. at 229-30.  *Delgado* establishes that where the plaintiff was acquitted in the criminal prosecution, a plaintiff should be allowed to prove in a subsequent civil action that the criminal prosecution was instituted upon knowingly false testimony by the complainant.

In *Miera v. Waltermeyer*, 97 N.M. 588, 592 (Ct. App. 1982), the New Mexico Court of appeals considered the preclusive effect of a conviction by a municipal court that is reversed upon a de novo appeal to the district court. In *Miera*, the malicious prosecution plaintiff had been convicted in municipal court for simple battery upon a police officer.  The record of the municipal court proceeding revealed that in the underlying criminal prosecution the municipal court judge had not understood that self-defense is a defense to a charge of battery, even when the victim is a peace officer. Based on his misunderstanding of the law, the municipal court judge improperly limited evidence tending to show that the officer had employed unlawful force against the plaintiff.  Upon a de novo appeal to the district court, the malicious prosecution plaintiff was acquitted.  He then sued the arresting officer and the City of Albuquerque for

malicious prosecution, false arrest, battery, and violation of his civil rights.   The district court entered  summary judgment against the plaintiff.  The plaintiff appealed. The Court of Appeals concluded that in *Vincioni* the New Mexico Supreme Court had endorsed what the Court of Appeals termed the "minority view," by which a conviction that is subsequently overturned on appeal is merely prima facie evidence of probable cause that may be rebutted.  *Miera*,  97 N.M. at 590-91.  The Court of Appeals noted evidence adduced by the plaintiff  that he obeyed the arresting officer's orders, and that it was only after the officer had twice violently grabbed his groin and crotch that he hit the officer.  The Court of Appeals also noted  medical evidence establishing that the plaintiff had suffered trauma to his groin area requiring a scrotal support. The Court of Appeals observed:

> The wisdom of the minority rule is apparent from the transcript of the municipal court hearing, which shows that the municipal judge did not understand that self-defense is a defense to battery.  He would not consider any action of the police officer towards plaintiff, but only allowed evidence of whether or not there was a battery by plaintiff on the officer.

*Miera*, 97 N.M. at 591.  The Court of Appeals further observed that:

> [a]nother reason we agree with the minority rule for the instant case is that there was a trial de novo. . . . a trial de novo resulting in an acquittal precludes consideration as to what has gone on before.  Therefore, for the purposes of the summary judgment motion, we cannot say that there was still a finding of probable cause in the municipal court.

*Id.* at 591-92.  The Court of Appeals held that "in the factual posture of this case the municipal court conviction raises a rebuttable presumption of probable cause."  The Court of Appeals reversed the grant of summary judgment, implicitly finding that evidence of the plaintiff's version of events created a genuine issue of material fact as to whether the defendant police officer had had probable cause to arrest the plaintiff.

      The Court concludes that under New Mexico law as established by *Vincioni*, *Delgado*,

and *Miera*, Chacon is not automatically foreclosed by the municipal court proceedings from relitigating the question of whether Hernandez had probable cause to arrest him. The municipal court conviction merely supports a rebuttable presumption of probable cause.  The statements in the Bustamante and Gonzales affidavits establishing that they were removed without incident and that Chacon was dancing with his wife as they were removed from the Casino are sufficient to rebut the presumption created by the municipal court conviction and to create a genuine issue of material fact as to whether Hernandez lacked probable cause to arrest Chacon.

     Furthermore, federal courts will not give preclusive effect to a prior state court determination of an issue unless the party seeking to re-litigate an issue had a full and fair opportunity to litigate the issue in state court,  *Allen v. McCurry*, 449 U.S. 90, 95 (1980), and this is so even if a state court applying state law would give preclusive effect to a  prior determination of an issue, *Ryan v. City of Shawnee*,  13 F.3d 345, 348 n.2  (10th Cir. 1993). Under the New Mexico Rules of  Criminal Procedure for the Municipal Courts, the determination of probable cause is

> nonadversarial and may be held in the absence of the defendant and of counsel. The showing of probable cause shall be based upon substantial evidence, which maybe hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing there is a factual basis for the information furnished.  No witnesses shall be required to appear unless the court determines that there is a basis for believing that the appearance of one or more witnesses might lead to a finding that there is no probable cause. . . .

NMRA 8-202(B).  There is no provision in the Rules of Criminal Procedure for the Municipal Courts for an adversarial determination of probable cause.  *Compare* NMRA 8-202(B) with *NMRA* 5-302; 6-202; 7-202.  NMRA 8-202(B) does not afford the accused  the rights to cross-examine the arresting officer, to testify on his own behalf, or to call witnesses to contradict the

13

arresting officer's version of the facts.  Further, it is unclear from the limited record before the Court whether the municipal court judge exercised such discretion as is conferred by NMRA 8-202(B) to afford Chacon the opportunity to cross-examine Hernandez or to call witnesses and offer evidence.  The Court finds that there is a genuine issue of material fact as to whether procedural limitations imposed by NMRA 8-202(B) deprived Chacon of a full and fair opportunity to litigate the question of probable cause for his arrest. *Cf. Colino v. City of New Haven*, 950 F.2d 864, 869-70 (2d Cir. 1991) (concluding that Connecticut state court probable cause hearing entailed "procedural limitations that curtailed [civil rights plaintiff's] efforts to secure the full and fair litigation of the probable cause issue"; upholding district court's ruling that probable cause determination in criminal proceeding did not collaterally estop former murder suspect from relitigating issue of probable cause in § 1983 action).  Accordingly, apart from the Court's conclusion that New Mexico law would not estop Chacon based upon the municipal court proceedings, the Court concludes as a matter of *federal* law that a genuine issue of material fact concerning Chacon's opportunity to fully and fairly litigate the issue of probable cause in the municipal court proceedings precludes summary judgment based on collateral estoppel.

**CONCLUSION**

Chacon has come forward with evidence sufficient to establish genuine issues of material fact as to what occurred.  If Chacon's version of facts is believed, Hernandez could not have reasonably and objectively believed that he could arrest Chacon without violating Chacon's Fourth Amendment rights.  Pertinent Tenth Circuit authority establishes that those Fourth Amendment rights were clearly established as of the time of Chacon's arrest.  Chacon has satisfied his burden of production.

In response, Hernandez has relied upon the preclusive effect of the municipal court proceedings to meet his burden of demonstrating the absence of genuine issues of material fact. However, as discussed above, New Mexico law would not preclude Chacon from relitigating the question of probable cause. Alternatively, under federal issue preclusion law, there is a genuine issue of material fact as to whether procedural limitations imposed by NMRA 8-202(B) denied Chacon a full and fair opportunity to litigate the issue of probable cause in the course of the municipal court proceeding. Hernandez's issue preclusion argument fails under New Mexico law and also may fail under federal law. Therefore, issue preclusion does not foreclose consideration of the evidence Chacon has presented in response to Hernandez's motion. That evidence, as the Court has already noted, is sufficient to establish genuine issues of material fact as to the circumstances leading up to Chacon's arrest. Those genuine issues of material fact require the Court to deny Hernandez's Motion.

**WHEREFORE, IT IS HEREBY ORDERED** Defendant Jesus Hernandez's *Motion for Summary Judgment Based on Qualified Immunity* [Doc. 33] is **DENIED**

**So ordered this 30th day of September, 2010**.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE