# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FERNANDO CHACON,

      Plaintiff,

v.                                  CV 09-0760 MCA/WPL

CITY OF SUNLAND PARK, NEW
MEXICO, et al.,

      Defendants.

## ORDER TO SHOW CAUSE

On February 25, 2011, I held a status conference with the parties in this matter to discuss the resetting of the settlement conference pursuant to the request of the parties.  (Doc. 53; *see also* Doc. 50.)  During that hearing, the parties agreed to hold the settlement conference on April 21, 2011 and I informed the parties of their pre-settlement conference responsibilities.  On that same date, I issued an Order that reset the settlement conference in this matter.  (Doc. 54.)  The settlement conference was scheduled for April 21, 2011 to begin at 8:30 a.m.  (*Id.* at 1.)  In my Order, I again laid out the pre-settlement conference requirements.  (*Id.* at 1-2.)  Plaintiff Fernando Chacon and both of Plaintiff's attorneys, Arturo Hernandez-M. and Santiago David Hernandez, failed to appear for the April 21, 2011 settlement conference and failed to comply with the other requirements of my Order Setting Settlement Conference.  (*See* Doc. 62.)

My chambers was contacted thirty-seven minutes prior to the scheduled start time of the settlement conference, stating that Santiago Hernandez had a few hearings in the federal court in El Paso, TX in the morning.  The caller stated that Santiago Hernandez could arrive for the scheduled settlement conference around 11:15 a.m.  My chambers received a call from Santiago Hernandez

around 8:35 a.m. to inform the Court that he was leaving El Paso.[1]  All of the Defendants and defense counsel arrived on time for the settlement conference, and I began the hearing at 8:36 a.m. I found that Mr. Chacon, Arturo Hernandez-M. and Santiago Hernandez failed to appear for the settlement conference.  They had not appeared by the time the hearing concluded, at 8:41 a.m.

Aside from failing to appear for the settlement conference, Mr. Chacon and his attorneys showed disregard for several other aspects of my Order Setting Settlement Conference.  These included requirements that (1) Plaintiff's counsel serve a letter on defense counsel setting forth a summary of the case, the principles supporting an award of damages or other relief, and a settlement demand fourteen days prior to the conference (Doc. 54 at 1); (2) Plaintiff's counsel provide copies of the exchanged letters to me at least seven days before the conference (*id.* at 2); (3) Plaintiff's counsel provide a confidential letter to me at least six days before the conference (*id.*); (4) any party in possession of a video-recording of the incident at issue provide it to me at least ten days before the conference (*id.*).  Thus, Plaintiff's counsel was required to serve a demand letter on defense counsel by **April 7**, to provide copies of the exchanged letters by **April 14**, to provide a confidential letter by **April 15**, and to send the videotape of the incident by **April 11**.  As of 8:30 a.m. on the date of the settlement conference, I had received no letters from Plaintiff's counsel.  I did receive a copy of the videotape from the Plaintiff on April 19, eight days after it was due and a mere two days prior to the settlement conference.

On April 21, I did receive a letter via facsimile from the Law Offices of Arturo Hernandez-M.  Though the letter did not come through in its entirety, it appears to be a copy of Plaintiff's demand letter.  The letter is addressed to defense counsel and dated April 13, 2011.  **To verify that**

---

[1] Santiago Hernandez arrived at 9:38 a.m., sixty-eight minutes late.  He arrived without his client and without his co-counsel.

**this letter was sent and received, I order Lawrence R. White and Phyllis S. Lynn to file affidavits with the Court by April 27, 2011.** The affidavits must state whether or not they received a demand letter, dated April 13, 2011, from Arturo Hernandez-M. and, if they did receive the letter, the date on which it was received.

Plaintiff and his counsel failed to appear for a hearing before me and failed to comply fully with all prerequisites to the settlement conference. This is unacceptable, sanctionable, and contemptible conduct. Sanctions are available to induce compliance and to deter and punish noncompliance pursuant to FED. R. CIV. P. 16(f) and 37(b). *See National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam); *In re Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984), *cert. denied*, 471 U.S. 1014 (1985). One of the available sanctions is dismissal of the entire case with prejudice. FED. R. CIV. P. 37(b)(2)(A)(v). Additionally, courts have the inherent authority to sanction parties or counsel in order to manage their dockets and to preserve the integrity of the judicial process. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 42-51 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (citation omitted). Finally, a magistrate judge has authority to certify a civil or criminal contempt to the presiding district judge where a reasonably specific court order is in place and a party with notice of the order willfully violates it. 28 U.S.C. § 636(e)(6); 18 U.S.C. § 401(3); *United States v. Themy-Kotronakis*, 140 F.3d 858, 861 (10th Cir. 1998) (citing *Yates v. United States*, 316 F.2d 718, 723 (10th Cir. 1963)).

**Accordingly, Mr. Chacon, Arturo Hernandez-M. and Santiago Hernandez shall appear in person and show cause, if any, why their failure to appear for the settlement conference and their myriad of failures to comply with my Order Setting Settlement Conference (Doc. 54) should not lead to the imposition of sanctions under FED. R. CIV. P. 16(f) and 37(b), including**

3

dismissal of the case with prejudice, and/or contempt certification pursuant to 28 U.S.C. § 636(e)(6).

IT IS ORDERED that Mr. Chacon, Arturo Hernadez-M. and Santiago Hernandez shall appear on **April 29, 2011 at 1:30 p.m.** in the **Organ Courtroom (4th Floor, South Tower)** of the United States Courthouse and Federal Building, **100 North Church Street, Las Cruces, N.M.**, to show cause as described above.  The Defendants may appear in person or telephonically.  Should they wish to appear telephonically, they must contact my chambers at **(575) 528-1660** by **April 27, 2011** to discuss coordinating the call.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.                4