IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERNANDO CHACON,

        Plaintiff,

v.                                                                                    CV 09-0760 MCA/WPL

CITY OF SUNLAND PARK,
NEW MEXICO, et al.,

        Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on the Defendants' Motions to Dismiss Pursuant to Rule 37. (Docs. 72 & 78.) Defendants City of Sunland Park, Jesus Hernandez and Enrique Palomarez ("City Defendants") and Defendants Sunland Park Racetrack and Casino and Fernando Monarez ("SPRC Defendants") have moved to dismiss this action based on the Plaintiff's conduct throughout the pretrial phase of this lawsuit. Plaintiff Fernando Chacon filed a single Response to both Motions (Doc. 80), and the City Defendants filed a Reply (Doc. 85). Because of the analogous nature of these Motions, they will be considered together. Upon consideration of the Motions, all responsive briefing, and the relevant law, this Court finds that Mr. Chacon and his counsel have exhibited a pattern of willful misconduct throughout this litigation. Pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), it is recommended that this case be dismissed with prejudice.

### BACKGROUND

Mr. Chacon, an attorney licensed to practice in Texas, filed his Complaint on August 4, 2009 as a *pro se* litigant. (Doc. 1; Doc. 78 at 3.) The Court set an Initial Scheduling Conference for

1

November 10, 2009; the Court also ordered that the parties meet and confer at least twenty-one days prior to the conference, that initial disclosures be exchanged within fourteen days of the meet-and-confer session, that Mr. Chacon file a Joint Status Report and Provisional Discovery Plan ("JSR") seven days prior to the conference, and that all parties appear for the conference telephonically. (Doc. 9.) Mr. Chacon did not appear for the conference, and the Court was informed that he had neither participated in the meet-and-confer session nor provided initial disclosures. (Doc. 13.)

Based on these failures, an Order to Show Cause was issued on November 10, 2009 requiring that Mr. Chacon appear at a Show Cause Hearing on November 17, 2009. (Doc. 14.) Mr. Chacon's counsel, Arturo Hernandez, entered his appearance *pro hac vice* on November 13, 2009. (Doc. 19.) At the request of one of Mr. Chacon's attorneys, the hearing was reset for November 23, 2009. (Doc. 20.) Neither Mr. Chacon nor Mr. A. Hernandez appeared for the November 23, 2009 show cause hearing; Mr. Chacon's local counsel did appear, but he arrived ten minutes late. (Doc. 23.)

Another Initial Scheduling Conference was set for November 30, 2009, and Mr. Chacon was charged with filing the JSR as well as initiating and coordinating the telephonic conference call. (Doc. 24.) Mr. Chacon did file the JSR timely; however, the SPRC Defendants did not approve it, allegedly because it was not circulated until the Thanksgiving holiday. (Doc. 28 at 5; Doc. 78 at 4.) On the date of the conference, approximately forty-five minutes after the conference was scheduled to begin, Mr. A. Hernandez contacted the Court and reported that he had not received notice of the conference or the requirement that he initiate and coordinate the call. (Doc. 29 at 1.) The Court found Mr. A. Hernandez's explanation "unpersuasive." (*Id.*)

The Initial Scheduling Conference was reset once again for December 9, 2009, and Mr. A. Hernandez was ordered to appear in person. (*Id.* at 2.) Mr. A. Hernandez appeared telephonically

for the hearing due to suffering a stroke (Docs. 30 & 31), and he later submitted documentation verifying his medical problems to the Court.

The SPRC Defendants served their first set of interrogatories and requests for production on December 20, 2010. (Doc. 78 at 5.) Mr. Chacon provided no response by the deadline and over three weeks later provided incomplete responses. (*Id.*) Presumably, any deficiencies were resolved at some point because the SPRC Defendants did not file a motion to compel with the Court.

In his initial disclosures, Mr. Chacon identified Michael Gonzalez as a witness, but he did not reveal Mr. Gonzalez's physical address. (*See* Doc. 73 at 3-4, Ex. A at 2.) Despite that failure, Mr. Chacon relied on an affidavit signed by Mr. Gonzalez in response to a Motion for Summary Judgment based on qualified immunity. (Doc. 35 Ex. D.) Mr. Chacon filed amended initial disclosures on January 13, 2011 listing a physical address for Mr. Gonzalez. (Doc. 73 at 3; Doc. 78 at 5.) This was the same physical address as that listed on Mr. Gonzalez's affidavit. (*See* Doc. 35 Ex. D.) However, the Defendants have not been able to depose this witness because the address that Mr. Chacon provided is incorrect. (Doc. 73 at 3-4; Doc. 78 at 5-6.) The Defendants have reason to believe that Mr. Chacon knows of Mr. Gonzalez's address because he has admitted to being at Mr. Gonzalez's house on the night that the events underlying this lawsuit transpired. (Doc. 78 at 6.) Nirma Bustamante, Mr. Gonzalez's girlfriend, testified in her deposition that Mr. Gonzalez still lives in that same house and indicated that Mr. Chacon knows how to get in touch with him. (Doc. 73 Ex. C at 2.) Nonetheless, on April 4, 2011, Mr. A. Hernandez's office informed the Defendants that they cannot locate Mr. Gonzalez and offered to delete him as a witness. (Doc. 73 at 4; Doc. 78 at 6.)

At the depositions of Mr. Chacon and his family members, neither Mr. A. Hernandez nor Mr. Chacon's local counsel appeared. (Doc. 78 at 5.) As a result, these depositions were taken without the presence of counsel for Mr. Chacon. (*See id.*)

On February 17, 2011, the Defendants were scheduled to take the deposition of Ms. Bustamante. On the morning of the deposition, Mr. A. Hernandez's office spoke with defense counsel and unilaterally cancelled the deposition. (Doc. 73 at 4; Doc. 78 at 5-6.) Mr. A. Hernandez informed the Court that he would reimburse defense counsel for the costs incurred due to the cancelled deposition without the need for a court order (Doc. 53); he did not reimburse those costs until ordered to do so by the Court. (Doc. 78 at 6; *see also* Doc. 62 at 2.)

The Court entered its first Order Setting Settlement Conference on November 30, 2010. (Doc. 43.) The settlement conference was scheduled to take place on February 25, 2011. (*Id.* at 1.) Mr. Chacon was ordered to serve a settlement position letter on the Defendants at least fourteen days prior to the conference. (*Id.*) One week before the conference, on February 18, 2011, the City Defendants filed an unopposed motion to vacate the settlement conference. (Doc. 50.) The Motion stated that the Defendants had not been able to obtain sufficient discovery to proceed to settlement negotiations because Mr. Chacon had not timely provided discovery responses and because Mr. Chacon cancelled Ms. Bustamante's deposition. (*Id.* at 1-2.) An attachment further makes clear that Mr. Chacon failed to serve the required position letter as of February 15, 2011, four days after it was due. (*Id.* at Ex. A.)

In February of 2011, the Court reset the settlement conference by entering a second Order Setting Settlement Conference. (Doc. 54.) Just like the first Order Setting Settlement Conference, this Order set out various requirements. This Court has previously described in detail Mr. Chacon's myriad of failures to comply with that Order. (*See* Doc. 63 at 1-2.) It suffices to say that Mr. Chacon failed to complete the required preparation for the settlement conference, submitted one preparatory letter immediately following the settlement conference and dated eight days prior, and failed to appear for the settlement conference. (*See id.*; Doc. 82 at 1.) However, it was not previously brought

to the Court's attention that both of Mr. Chacon's attorneys were reminded of the date of the settlement conference by defense counsel. (Doc. 73 Ex. B.)

The City and the SPRC Defendants argue that the conduct of Mr. Chacon and his counsel throughout the litigation of this matter evidences a clear pattern of willful misconduct necessitating the severe sanction of dismissal pursuant to Federal Rule of Civil Procedure 37(b). (Doc. 73 at 1; Doc. 78 at 1, 2.) They urge that a consideration of each factor set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), supports dismissal of this case with prejudice. (Doc. 73 at 5-7; Doc. 78 at 8-10.)

Mr. Chacon responded to the Defendants' Motions to Dismiss as well as to the Court's Order to Show Cause in a single pleading. (Doc. 80.) In it, Mr. Chacon and counsel admit that they caused "inconvenience and expense" to all parties by failing to appear for the settlement conference. (*Id.* at 1.) However, they repeatedly assert that their conduct did not constitute "knowing and willful disrespect of the courts, officers of the court or other parties." (*Id.*) They explain that the date on the settlement letter was inadvertent rather than "willful falsification." (*Id.*; *see also id.* at Ex. A at 1.) They further assert that the Court's orders were not willfully disregarded because: (1) Mr. A. Hernandez was out of the country on the date of the settlement conference but had been told that local counsel would cover the hearing; (2) Mr. Chacon was within immediate contact by telephone; (3) local counsel had full authority to settle the case; and (4) local counsel notified the Court that he would be late to the hearing. (*Id.* at 3.)

After holding a hearing on the Order to Show Cause based on the failures to comply with the second Order Setting Settlement Conference, the Court found that Mr. A. Hernandez, but not Mr. Chacon or local counsel, was at fault for the failures to comply with the Order and the failure to appear at the settlement conference. (Doc. 82 at 2.) The Court further found that Mr. A.

Hernandez willfully disregarded the Order. (*Id.*) Monetary sanctions consisting of all costs and expenses incurred by the Defendants and counsel in attending the settlement conference and an additional $500 fine were imposed. (*Id.* at 2-3.)

The City Defendants have filed a Reply pointing out that Mr. Chacon failed to address many of the Defendants' points. (Doc. 85 at 1-2.) They state that the Response did not address the conduct of discovery in this matter and, in particular, did not mention the issue of discovery related to Mr. Gonzalez. (*Id.* at 3.) The City Defendants call attention to the fact that Judge Armijo considered the affidavit of Mr. Gonzalez in ruling on the qualified immunity issue. (*Id.* at 3 (citing Doc. 38 at 6).) Furthermore, they have attached a portion of Ms. Bustamante's deposition in which she states that Mr. Gonzalez was told by Mr. Chacon that he was arrested because he tried to stop security from removing Mr. Gonzalez and Ms. Bustamante from the casino. (*Id.* at 3-4, Ex. C-1 at 34 ll. 7-15.) Based on those facts, the City Defendants argue that Mr. Chacon's assertion that he cannot locate Mr. Gonzalez is false and is evidence of bad faith. (*Id.* at 3.)

## LEGAL AUTHORITY

The court is vested with the authority to impose sanctions, including involuntary dismissal, for a party's failure to comply with court orders and discovery obligations set by local and federal procedural rules. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Under Federal Rule of Civil Procedure 16(f), a party may be sanctioned for failing to appear at a scheduling or other pretrial conference or for failing to obey a pretrial order. The authorized sanctions are described in Rule 37(b)(2)(A)(ii)-(vii). Furthermore, Rule 37(d) permits a court to impose those same sanctions for failing to respond to discovery requests.

A sanction imposed by the court for a discovery violation must be "both just and related to the particular claim which was at issue . . . ." *Ehrenhaus*, 965 F.2d at 920 (quoting *Ins. Corp. of*

6

*Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)) (internal quotation marks omitted). One of the sanctions available for misconduct in the course of pretrial litigation is the partial or complete dismissal of the case. FED. R. CIV. P. 37(b)(2)(A)(v). The dismissal of a case with prejudice "should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920 (quotation omitted). Because dismissal is an extreme sanction, it is only appropriate where there is some "willfulness, bad faith, or [some] fault of petitioner." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (alteration in original) (quotation omitted). Before dismissing a complaint, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal citations and quotation marks omitted). The determination of whether dismissal is an appropriate sanction is a highly fact-specific inquiry. *Id.* at 920.

## ANALYSIS

Each of the *Ehrenhaus* factors weighs in favor of dismissal in this case. Due to Mr. Chacon's many transgressions, the Defendants have suffered prejudice in the form of delay and mounting significant attorneys' fees. In *Ehrenhaus*, the court found prejudice to the defendants based on the combination of delay and mounting attorney's fees, though the court noted that delay alone is insufficient to warrant dismissal. 965 F.2d at 921; *see also Jones v. Thompson*, 996 F.2d 261, 264-65 (10th Cir. 1993). Here, though, the effect of the attorneys' fees is mitigated in part by this Court's order that Mr. A. Hernandez compensate the Defendants for all costs incurred due to the cancelled deposition and the missed settlement conference. The Defendants have also been prejudiced in the preparation of their case. Mr. Chacon has failed to provide an address for an important witness and

7

failed to respond to discovery requests in a timely manner. Additionally, the Defendants were deprived of their opportunity to be apprised of Mr. Chacon's valuation of his case through a position letter and to appear for a settlement conference in February of 2011 and again in April of 2011. This factor does weigh in favor of dismissal.

Out of each factor, the interference with the judicial process that Mr. Chacon and his counsel have caused most dramatically weighs in favor of dismissal. As stated in *Ehrenhaus*, willful failure to comply with a direct court order flouts the court's authority and interferes with the orderly administration of justice. 965 F.2d at 921. In this case, Mr. Chacon and his counsel have failed to comply, often in a multitude of ways, with five direct court orders.[1] (Docs. 9, 14, 24, 43 & 54.) Mr. Chacon failed to appear for three hearings before this Court at which his attendance was required, one of which predated Mr. A. Hernandez's entry of appearance. (Docs. 13, 23 & 62.) Mr. A. Hernandez failed to appear at these hearings as well as one additional hearing for which his client's presence was not required. (Doc. 29.) The Court has explicitly found on two occasions that the failure to appear and/or to comply with the Court's orders was willful by Mr. A. Hernandez. (Doc. 29 at 1; Doc. 82 at 2.) Mr. Chacon, with the assistance of Mr. A. Hernandez, has demonstrated utter disregard for the authority of this Court. Furthermore, this disregard has caused the Court to expend considerable time holding hearings, rescheduling hearings and preparing Orders to Show Cause and an Order Imposing Sanctions.

---

[1] The Tenth Circuit recently upheld a district court's decision to dismiss a case with prejudice as a sanction for failing to respond to a request for production and to comply with two separate court orders compelling the production of documents within the plaintiff's control. *Lee v. Max Int'l, LLC*, --- F.3d ----, No. 10-4129, 2011 WL 1651640 (10th Cir. May 3, 2011). The litany of violations in this case make the circumstances warranting dismissal in *Lee* seem negligible.

The culpability of the plaintiff also weighs in favor of dismissal. Mr. Chacon, who is himself a licensed attorney, initiated this case as a *pro se* litigant, enlisted his friends to serve as his attorneys despite their admitted inexperience with civil law or plaintiff's work, and has continued to be an active participant throughout the discovery phase.[2] At the time of the first Initial Scheduling Conference, Mr. Chacon was still proceeding *pro se*. Thus, Mr. Chacon is solely culpable for the failure to comply with that Order and the failure to appear for that conference. Furthermore, the testimony of Ms. Bustamante indicates that Mr. Chacon could in fact track down Mr. Gonzalez, despite his attorney's assertion to opposing counsel that his office has not been able to reach Mr. Gonzalez. Because Mr. Chacon is an attorney, he should be aware of the importance of discovery obligations and court orders. The Tenth Circuit has stated that it has "upheld dismissals and defaults where the parties themselves neglected their cases or refused to obey court orders . . ." but has "reversed dismissals and defaults . . . where inadvertence or simple neglect were the basis of the court's decision." *Davis v. Miller*, 571 F.3d 1058, 1063 (10th Cir. 2009) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464-65 (10th Cir. 1988)). In this case, the repeated failures demonstrate a pattern of misconduct by Mr. Chacon that is not simply due to inadvertence and neglect.

On multiple occasions, this Court has warned Mr. Chacon that his transgressions could result in the dismissal of this case. (Doc. 14 at 2 ("These sanctions may include dismissal of a party's claims with prejudice."); Doc. 63 at 3 ("**Accordingly, Mr. Chacon, Arturo Hernandez-M. and**

---

[2] In determining appropriate sanctions for the failure to appear for the April settlement conference, the Court found that Mr. Chacon has relied on Mr. A. Hernandez's office to inform him of court proceedings. (Doc. 82 at 2.) The Court therefore found that Mr. A. Hernandez was the individual at fault for Mr. Chacon's failure to appear. (*Id.*) However, that finding does not preclude the Court from concluding that Mr. Chacon is culpable for the various misconduct described above.

**Santiago Hernandez shall appear in person and show cause, if any, why their failure to appear for the settlement conference and their myriad of failures to comply with my Order Setting Settlement Conference (Doc. 54) should not lead to the imposition of sanctions under FED. R. CIV. P. 16(f) and 37(b), including dismissal of the case with prejudice** . . . .").) The Tenth Circuit has found sufficient notice where a district court's second show cause order "warned that '[f]ailure to properly show cause as to why petitioner failed to comply with this court's [first show cause] order could result in dismissal of this lawsuit.'" *Davis*, 571 F.3d at 1063. Mr. Chacon was further put on notice that dismissal was possible when both the City Defendants and the SPRC Defendants filed separate Motions to Dismiss. *See Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987) (discussing the notice required for Rule 11 sanctions). Thus, this factor further weighs in favor of dismissal.

The final *Ehrenhaus* factor, the availability of lesser sanctions, also supports dismissal. This Court has already imposed monetary sanctions against Mr. A. Hernandez to compensate the Defendants for their appearance at the settlement conference and at Ms. Bustamante's cancelled deposition. Mr. A. Hernandez was also ordered to pay a $500 fine. However, the misconduct in this case is not limited to a single event; there is a pattern of willful disregard of court orders and discovery obligations. This Court is particularly concerned about Mr. Chacon's failure to produce Mr. Gonzalez. Despite Mr. Chacon's assertion to opposing counsel that he cannot locate Mr. Gonzalez, somehow he was able to find Mr. Gonzalez in order to acquire an affidavit to support his opposition to the Motion for Summary Judgment. No lesser sanction is available to remedy Mr. Chacon's failure to produce this witness. Additionally, Mr. Chacon has been provided numerous opportunities over the course of two years to demonstrate an ability to properly conduct this litigation. He has failed to comply with court orders and discovery obligations at every turn. Based

on this pattern of misconduct, the Court concludes that no lesser sanction will correct Mr. Chacon's behavior.

In sum, each *Ehrenhaus* factor weighs against Mr. Chacon and in favor of dismissal. Therefore, the Court concludes that dismissal with prejudice is warranted as a sanction for Mr. Chacon's numerous transgressions.

## RECOMMENDATION

For the foregoing reasons, I recommend that the Defendants' Motions to Dismiss Pursuant to Rule 37 (Docs. 72 & 78) be granted and that Mr. Chacon's Complaint (Doc. 1) be dismissed with prejudice.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

11