FILED
At Albuquerque NM

SEP 1 3 2011

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FERNANDO CHACON,

    Plaintiff,

v.                                  CV 09-0760 MCA/WPL

CITY OF SUNLAND PARK,
NEW MEXICO, et al.,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND ORDER OF DISMISSAL

This matter is before the Court on the Magistrate Judge's Amended Proposed Findings and Recommended Disposition ("PFRD"), filed June 1, 2011 (Doc. 97). Plaintiff Fernando Chacon has filed objections (Doc. 104), the Defendants have responded (Doc. 105), and Mr. Chacon has replied (Doc. 107).[1] Having conducted a *de novo* review, I find the objections to be without merit for the following reasons.

Magistrate Judge William P. Lynch described the long history of this case, finding that misconduct by Mr. Chacon and his attorneys began on November 10, 2009 when Mr. Chacon, *pro se* at the time, failed to appear for an Initial Scheduling Conference. (Doc. 97 at 1-2.) Even after Mr. Chacon's several attorneys entered appearances, the failures to appear and to comply with court orders and discovery obligations continued at every turn until Mr. Chacon and both of his attorneys failed to appear for a scheduled settlement conference on April 21, 2011. (Doc. 63 at 1-3; Doc. 97

---

[1] In the context of a magistrate judge's report and recommendations, a reply is not permitted under the Federal Rules of Civil Procedure. FED. R. CIV. P. 72(b)(2). The Rule only allows a party to file specific written objections and to respond to another party's objections. *Id.* Thus, the Court will not consider the contents of Mr. Chacon's reply (Doc. 107) or the attached exhibits.

at 2-6.) Judge Lynch evaluated the factors of *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and concluded that each weighed in favor of the dismissal of Mr. Chacon's case with prejudice.

Mr. Chacon objects to the PFRD, contending that Judge Lynch's factual findings are erroneous and that, as a result, the *Ehrenhaus* analysis is flawed. (Doc. 104 at 1-2.) He asserts that Judge Lynch incorrectly found prejudice to the Defendants because all of the fees incurred due to Mr. Chacon's misconduct were reimbursed. (*Id.* at 2-3.) Further, he contends that Judge Lynch's finding regarding Mr. Chacon's failure to produce the address of a witness was not supported by the evidence. (*Id.* at 4-6.) He claims that the sole prejudice to the Defendants was a seventeen day delay in the production of discovery responses. (*Id.* at 7.) Mr. Chacon then cites to the early conduct of this case and describes attorney Arturo Hernandez's health conditions at the time. (*Id.* at 8-12.) Mr. Chacon states that he was not warned of the possibility of dismissal prior to the entry of the PFRD. (*Id.* at 15-16.) Finally, Mr. Chacon requests that the Court hold a hearing on his objections to the PFRD. (*Id.* at 20.)

None of Mr. Chacon's allegations of error are supported by the record, and a hearing is not required. Even had the award of fees entirely compensated the Defendants for incurred costs, which they dispute (Doc. 105 at 3-4), Judge Lynch correctly analyzed the factor of prejudice to the other parties. The Defendants' fees continued to mount simply by the continued litigation of a case that might have been resolved had Mr. Chacon and his counsel participated in the settlement conference and the prerequisites thereto. Furthermore, the evidence in the record supports that Mr. Chacon knew or could have obtained his witness' address but that he failed to do so; this fact also supports the conclusion that the Defendants were prejudiced. Judge Lynch acknowledged the health problems of Mr. A. Hernandez. (Doc. 97 at 2-3.) However, the record demonstrates numerous and substantial

failures to comply with court orders and discovery obligations. Mr. Chacon did not provide the court with notice of those medical problems prior to the missed hearings, and the misconduct did not cease after early 2010. Since this case was filed, the Court twice warned Mr. Chacon of the possibility that his transgressions could lead to dismissal. (Doc. 97 at 9-10; *see also* Doc. 14 at 2; Doc. 63 at 3.)

Significantly, Mr. Chacon's objections repeatedly contradict his position at the hearing before Judge Lynch on April 29, 2011. At that time, Mr. A. Hernandez repeatedly claimed responsibility for the misconduct related to the settlement conference. (*See, e.g.*, Doc. 108 at 9:3-7; 12:23-13:13.) Now, Mr. Chacon asserts that from the beginning, Mr. A. Hernandez was to have an extremely limited role in the litigation of this case. (*See* Doc. 104 at 12-13, 14, 16.) During the hearing, Mr. Chacon stated that he was not aware of the settlement conference. (Doc. 108 at 23:3-24:3.) In his objections, Mr. Chacon admits that "[d]espite his claims, Mr. Chacon was aware of the settlement conference." (Doc. 104 at 16; *see also* Doc. 104 at 16-17.) While neither of these contradictions alter the analysis under *Ehrenhaus*, they do bolster this Court's conclusion that Judge Lynch correctly found a pattern of misconduct by Mr. Chacon and his counsel that could not be corrected by any lesser sanction.

Mr. Chacon's objections lack merit. Judge Lynch's factual findings are not clearly erroneous, and he correctly applied them in the legal analysis of the *Ehrenhaus* factors to determine that dismissal with prejudice is the appropriate sanction.[2]

**IT IS THEREFORE HEREBY ORDERED** that:

1) the PFRD is adopted as an order of the Court;

---

[2] Plaintiff inattention to his responsibilities to litigate his case continues. By order of the Court (Doc. 55) Plaintiff was to have provided his portion of the pretrial order to Defendants by noon, August 23, 2011. On September 1, 2011, the Court was notified by Defendants that Plaintiff had failed to provide his portion of the pretrial order as required by the Court's order. (Doc. 118.)

2) Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 37 (Docs. 72 & 78) are granted;

3) Mr. Chacon's Motion to Withdraw as Attorneys (Doc. 111) and Defendants' Motion to Modify Order Setting Pre-Trial Deadlines (Doc. 103) and Motions for Summary Judgment (Docs. 60, 77 & 92) are denied as moot; and

4) Mr. Chacon's Complaint (Doc. 1) is dismissed with prejudice.

So Ordered this 13th day of September, 2011.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE